IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


| | | |
|---|---|---|
| RICHARD ADAM, | ) | CIV. NO. 05-00304 JMS/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | PLAINTIFF'S MOTION FOR |
| HAWAII PROPERTY INSURANCE | ) | RECONSIDERATION ON |
| ASSOCIATION and ISLAND | ) | COURT'S GRANTING |
| INSURANCE COMPANY, LTD. | ) | DEFENDANT'S SUMMARY |
| | ) | JUDGMENT |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ON
COURT'S GRANTING DEFENDANT'S SUMMARY JUDGMENT

Before the court is Plaintiff Richard Adam's Motion for

Reconsideration On Court's Granting Defendant's Summary Judgment ("Motion

for Reconsideration").  Adam seeks reconsideration of the court's January 12,

2006 Order in which the court granted summary judgment in favor of Defendants

Hawaii Property Insurance Association and Island Insurance Company

(collectively "Defendants") as to each of Adam's claims.

Pursuant to Local Rule 7.2(d), the court determines that this motion

can be decided without oral argument.  After careful consideration of the motion

and supporting and opposing memoranda, the court DENIES Adam's Motion for Reconsideration for the reasons discussed herein.

## ANALYSIS

The facts underlying Adam's claims have been adequately set forth in the January 12, 2006 Order and need not be recounted here.

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp.2d 1058, 1059 (D. Haw. 1999).

Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. *See Mustafa v. Clark County School District*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D.Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988).

Adam provides two arguments in support of his Motion for Reconsideration:  first, he contends that the court promised to allow him to review and respond to the summary judgment Order before it was entered and that the court reneged on this promise when it filed the Order without allowing Adam an opportunity to respond; second, he argues that the court erred when it found that the statute of limitations had expired on his breach of contract and fraud claims.

Adam's first argument does not constitute a legitimate ground for reconsideration of the court's Order.  Adam claims only that the court did not allow him to see the summary judgment Order before it was entered; he does not suggest that the court's Order was in error or that the conclusions in the Order have been undermined by new law or recently uncovered facts.

More importantly, even if Adam's first argument could potentially support a motion for reconsideration, his allegations regarding the court's representations are grossly inaccurate.  At no time did the court ever promise Adam that he would be allowed to review or respond to a proposed draft of the court's summary judgment Order before it was filed.  Adam appears to be referring to a statement the court made during the December 5, 2005 summary judgment hearing.  During the hearing, the court offered the Defendants the opportunity to brief a res judicata issue presented in Adam's case.  Transcript of 12/5/05 hearing

3

("Tr.") at 9:7-10:11.  The court told Adam that, if the Defendants were granted leave to brief the res judicata issue, Adam would be given ample opportunity to respond to the Defendants' arguments. Tr. at 20:10-21. Because the Defendants ultimately decided not to brief the issue, there was never any need to allow Adam the opportunity to respond.

As to Adam's second argument, the court has determined that it applied the correct statute of limitations to Adam's breach of contract and fraud claims.  Adam contends, as he did in his Opposition to the Defendants' Motion for Summary Judgment, that the court should have applied the six-year statute of limitations contained in Hawaii Revised Statues section 657-1 to his breach of contract and fraud claims.  As laid out in detail in the court's January 12, 2006 Order, the one-year limitation period contained in Adam's insurance contract applies to his breach of contract claim.  Moreover, his fraud claims were clearly barred as a result of the Defendants' statutory immunity.

Adam's Motion for Reconsideration also reiterates his argument that he was misled about the statute of limitations that applied to his breach of contract claim.  The court considered this argument and addressed the principles of equitable tolling and equitable estoppel at length in its January 12, 2006 Order. Nothing in Adam's Motion for Reconsideration alters the court's conclusion that

4

the statute of limitations had run as to Adam's breach of contract claim prior to the date on which he filed his Complaint.

CONCLUSION

For the reasons states herein, Adam's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 31, 2006.



J. Michael Seabright
United States District Judge

*Adam v. Hawaii Property Insurance, et al*, Civ. No. 05-00304 JMS/BMK, Order Denying Plaintiff's Motion for Reconsideration on Court's Granting Defendant's Summary Judgment